IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM F. BATTLE,

        Plaintiff

VS.

HILTON HALL, *et al.*,

        Defendants

NO. 5:05-CV-465 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment against plaintiff WILLIAM F. BATTLE in the above-styled case (Tab #10) which is supported by a Statement of Undisputed Material Facts (Tab #11) and a brief (Tab #12), attached to which are two exhibits. The plaintiff has responded to the defendants' motion (Tab #13) and has provided the court with a Statement of Disputed Material Facts (Tab #14), as well as two affidavits which are attached to the response.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc.***, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

As stated above, the facts must be viewed in the light most favorable to the plaintiff, and in that light, the facts are as follows:

After the plaintiff failed a drug test on August 24, 2005[2], Defendant SERGEANT RIDLEY, at the request of Defendant CAPTAIN IVEY, used force in order to handcuff the plaintiff. Included among the plaintiff's allegations are Ridley's grabbing of the plaintiff by the throat, thereby rendering the plaintiff unconscious for a short period of time. Witness Statement of William Battle, Tab #13-1 at 1-2. Plaintiff Battle also alleges that defendant SERGEANT RIVER kneed the plaintiff in his left eye and groin area after defendant ANTHONY PARKER had already restrained the plaintiff. *Id.* As a result of the defendants' actions, plaintiff Battle became dizzy and went to medical where it was found that his urine contained blood; he was also given ice for the swelling in his face. The plaintiff's vision was also blurred, which may be a continuing problem. *Id.* at 3-4.

In an event that may be distinct from the original event or may have been in the same series of events, defendant ANNIE BANKS slapped the plaintiff four times and threatened him while he was handcuffed in a wheelchair. *Id.* at 4.

# DISCUSSION

## DEFENDANTS IVEY, RIVERS, RIDLEY, PARKER AND BANKS

The plaintiff has provided evidence, in the form of his own affidavit, that provides a dispute of fact with respect to whether defendants Ivey, Rivers, Ridley, Parker and Banks used excessive force in violation of the Eighth Amendment as interpreted in ***Whitley v. Albers***, 475 U.S. 312 (1986) and ***Hudson v. McMillian***, 112 S. Ct. 995 (1992). The defendants have not provided any evidence on their own behalf, other than a medical form that does not refute the specific allegations against them. Since the use of excessive force and the parameters of what is construed as excessive force have been clearly established in this circuit, these defendants are not entitled to qualified immunity.

---

[2]The plaintiff disputes the accuracy of the test, but does not dispute that the drug test came back positive for marijuana.

Accordingly, IT IS RECOMMENDED that the defendants' motion for summary judgment be **DENIED** with respect to defendants **IVEY, RIVERS, RIDLEY, PARKER**, and **BANKS.** Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

### DEFENDANTS HILTON HALL AND SAMUEL LACY

The plaintiff has not made any specific allegations regarding defendants HILTON HALL or SAMUEL LACY. Rather, the plaintiff appears to try to bring defendants Hall and Lacy into the suit under the theory of *responeat superior*: In his Statement of Disputed Material Facts, the plaintiff contends that Hall and Lacy are "the parties directly responsible for the security staffing and other security measures at the Macon State Prison." Tab #14 at ¶6. *Respondeat superior* cannot form the basis for recovery on claims brought pursuant to §1983. **Rogers v. Evans**, 792 F.2d 1052 (11th Cir. 1986). A plaintiff must show that the defendant had personal knowledge or involvement in the denial of a constitutional right, or was present when the deprivation occurred, but took no action to stop it. **Brown v. Crawford**, 906 F.2d 667 (11th Cir. 1990). The plaintiff has not made such allegations against defendant Hall or Lacy or substantiated any personal involvement of these defendants.

Accordingly, IT IS RECOMMENDED that the defendants' motion for summary judgment (Tab #10) be **GRANTED** with respect to defendants **HALL** and **LACY**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 16th day of FEBRUARY, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE